# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IARINA SERBAN, individually and on behalf of a class of similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | No. 16 C 2531 |
| v. ) ) | Judge Sara L. Ellis |
| CARGURUS, INC., a Delaware Corporation, ) ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Iarina Serban, on behalf of herself and all others similarly situated, filed this class action lawsuit alleging that Defendant CarGurus, Inc. ("CarGurus") violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, by sending text messages to Serban and other putative class members without their consent via an automatic telephone dialing system ("ATDS"). CarGurus filed a motion to dismiss [26] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Serban has not plausibly alleged that (1) CarGurus, as opposed to a user of its website, sent the text message, and (2) that the text message was sent using an ATDS. Because Serban has plausibly alleged that CarGurus used an ATDS to send text messages to Serban, the Court denies the motion to dismiss.

## BACKGROUND[1]

At 1:49 a.m. on July 30, 2015, Serban received a text message on her cell phone from a telephone number identified as 641-42. The text message read:

> CarGurus Listing
> Request. 2006 Jaguar

---

[1] The facts in the background section are taken from Serban's first amended class action complaint and are presumed true for the purpose of resolving the pending motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

XK-Series XK8
Convertible- $16,595
(Fair Deal): http://
cargur.us/3K5kx

Doc. 22 ¶ 14. The message contained a link to CarGurus' website, which advertises vehicles for sale. Before receiving this text message, Serban had never visited CarGurus' website, provided CarGurus with her cell phone number, or given express consent to be contacted on her cell phone by CarGurus, its agents, or partner entities.

CarGurus or its agents operate the telephone number from which the text message Serban received was sent. That number is known as a short messaging service shortcode ("SMS shortcode"). The use of SMS shortcodes allows CarGurus to transmit such generic text messages to individual cell phone numbers en masse. According to a text messaging service provider used by CarGurus to deliver the text messages, CarGurus has used SMS shortcodes to transmit at least hundreds of thousands of text messages similar to the one Serban received on July 30, 2015 to other individuals.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The TCPA prohibits the use of an ATDS to call or send text messages to cellular telephones without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); *see In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (2003) (TCPA applies to both "voice calls and text calls to wireless numbers"); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1009 (N.D. Ill. 2010) ("[T]he Court agrees with the FCC's interpretation that § 227 of the TCPA applies to text messages."). CarGurus argues that Serban's TCPA claim fails because she has not plausibly alleged that (1) CarGurus itself sent the text message, and (2) CarGurus used an ATDS to send the message. The Court will consider each of these issues in turn.

**I.    The Sender of the Text Message**

Serban alleges that CarGurus "controlled, designed, and determined the content of the text message" sent to her cell phone on July 30, 2015, and that CarGurus sent thousands of similar messages using an ATDS. Doc. 22 ¶¶ 16, 18. CarGurus, however, contends that Serban has not properly alleged that CarGurus sent her the text message, arguing that she must plead facts to demonstrate that CarGurus and not a user of its website sent the message. These details could include, according to CarGurus, "the specific platform used to send the text, the level of automation contained in that platform, or the extent to which a user of that platform (rather than CarGurus), could take affirmative action to send a text." Doc. 27 at 9. CarGurus claims such detail is necessary because its website allows individual users to have car listings texted to their cell phones. Its theory is that Serban received the text message on July 30, 2015 because a user

3

mistakenly transposed two digits in her mobile number, accidentally sending the message to Serban instead. *See, e.g.*, Doc. 27 at 7 n.1, 9 n.2; Doc. 32 at 1–4. To demonstrate how its user-directed messaging process works, CarGurus has attached printouts of its website to its reply in support of its motion to dismiss. *See* Docs. 32-1, 32-2, 32-3. The Court, however, will not consider these exhibits at this stage of the case, as they were only attached to CarGurus' reply and the website itself is not critical to Serban's claims but rather to a factual defense CarGurus raises, which is better left for resolution at the summary judgment stage.[2] *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (in deciding Rule 12(b)(6) motion, a court should only consider materials outside the complaint if they are "critical to the complaint and referred to in it"); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (noting district court's discretion to decide whether to convert motion to dismiss into summary judgment motion when defendant attaches documents to motion to dismiss or to continue to treat motion as one to dismiss and disregard attached documents); *Hepp v. Ultra Green Energy Servs. LLC*, No. 13 C 4692, 2014 WL 2154097, at *3 n.4 (N.D. Ill. May 22, 2014) (refusing to consider exhibits attached to reply brief).

According to CarGurus, Serban must have included allegations in her complaint to demonstrate that CarGurus, and not another website user, sent her the text message because sending automated text messages does not violate the TCPA where users of websites or cell phone applications make "affirmative choices" to send invitational messages to third parties. *See McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750, at *4–5 (N.D. Cal. Sept. 9, 2015) ("[A]n application that required human intervention to send invitational messages was

---

[2] Because the Court finds that the exhibits are not properly before the Court at this stage, the Court grants Serban's motion to strike those exhibits [36].

not the 'maker or initiator' of the calls for TCPA purposes." (citation omitted))[3]; *Huricks v. Shopkick, Inc.*, No. C-14-2464 MMC, 2015 WL 5013299, at *3–5 (N.D. Cal. Aug. 24, 2015) (defendant that operated a cell phone shopping application did not violate the TCPA where users took steps to send invitational text messages including "tapping a button stating 'invite your friends,' choosing which contacts to invite, and choosing to send the text messages by tapping another button"). But CarGurus asks too much of Serban at the pleading stage, where all Serban must allege is a plausible right to relief. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (under *Twombly* and *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together," with the court "ask[ing] itself *could* these things have happened, not *did* they happen"). That Serban has done by alleging that CarGurus sent the text message using SMS shortcode; she need not have included additional details concerning the platform used or the level of automation contained in that platform. Such details are left for discovery and summary judgment. *See Izsak v. Draftkings, Inc.*, No. 14-CV-07952, 2016 WL 3227299, at *5 (N.D. Ill. June 13, 2016) (noting that cases that have held that text messages sent with human intervention do not violate TCPA have generally been decided after fact discovery and at the summary judgment stage); *Huricks*, 2015 WL 5013299, at *3–5 (deciding that plaintiff could not prevail on TCPA claim on motion for summary judgment based on evidence of human intervention).

At this stage of the case, CarGurus' presentation of "an alternative explanation for the facts alleged in the complaint is insufficient to demonstrate that the complaint fails to plausibly suggest a right to relief." *Izsak*, 2016 WL 3227299, at *3 (quoting *Astor Prof'l Search, LLC v.*

---

[3] Although *McKenna* was decided on a motion to dismiss, the court's opinion addressed the plaintiff's fourth amended complaint and noted that the plaintiff had previously foreclosed the possibility that the defendant sent messages without human intervention. 2015 WL 5264750, at *3. Serban has not included any allegations in her complaint that would suggest human intervention nor does she concede human intervention.

*MegaPath Corp.*, No. 1:12-cv-02313, 2013 WL 1283810, at *5 (N.D. Ill. Mar. 27, 2013)). In response to a similar argument to that made by CarGurus here, the *Izsak* court found that the plaintiff plausibly alleged that the defendant sent him a text message using an ATDS under circumstances much more indicative of human intervention than those alleged here, as the text message specified that it was sent from "djjg11@yahoo.com." *Id.* In contrast, the text message Serban received contained no such personalized information identifying the sender of the message. It may be the case that someone besides CarGurus or its agents sent Serban the text message from CarGurus' website; that, however, is a question best resolved through discovery. Drawing all reasonable inferences in Serban's favor, she has plausibly alleged that CarGurus sent her the text message without human intervention.

## II. Use of an ATDS

CarGurus also contends that Serban has not plausibly alleged that CarGurus used an ATDS to send the text message at issue to Serban's cell phone, arguing again that Serban must have alleged that the system used had the capacity to dial without human intervention. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7975 (2015) (the FCC "has also long held that the basic functions of an autodialer are to 'dial numbers without human intervention'"). The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In order to plausibly allege that a defendant used an ATDS, a plaintiff need not "elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned." *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012); *see also Izsak*, 2016 WL 3227299, at *3 ("[A]

TCPA plaintiff should not be expected to plead details regarding the technical functionality of the alleged ATDS[.]"). Because it would be nearly impossible for plaintiffs to obtain evidence to determine these specific details absent discovery, requiring them to allege such details at the pleading stage would make defendants like CarGurus "virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA." *Torres v. Nat'l Enter. Sys., Inc.*, No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012).

This does not excuse Serban from at least alleging some facts related to the text message she received or the circumstances surrounding it to support the conclusion that CarGurus used an ATDS. *Izsak*, 2016 WL 3227299, at *3; *Oliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 WL 1727251, at *2 (N.D. Ill. Apr. 13, 2015). Conclusory allegations that the text message was sent using an ATDS, without supporting details, do not suffice. *See Ananthapadmanabhan v. BSI Fin. Servs., Inc.*, No. 15 C 5412, 2015 WL 8780579, at *4 (N.D. Ill. Dec. 15, 2015) (finding plaintiff's failure to provide details beyond merely receiving calls from defendant did not sufficiently allege use of ATDS, as it merely parroted "language already available in the statute"). Details supporting use of an ATDS may include "the promotional content or the generic, impersonal nature of the text message," *Izsak*, 2016 WL 3227299, at *3; that the message was sent from an SMS shortcode, *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009); that "members of the putative class received the same messages," *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1003 (N.D. Ill. 2014); and "anything else about the circumstances of a . . . message contributing to [the plaintiff's] belief it was . . . delivered via an ATDS," *Johansen*, 2012 WL 6590551, at *3.

CarGurus argues that Serban has failed to plausibly allege that it used an ATDS because the complaint merely recites the language of the TCPA and does not include allegations that the

7

system used could function without human intervention. While the complaint does use § 227(a)(1)'s language, it also includes additional details supporting the inference that CarGurus used an ATDS to send text messages to Serban and other members of the putative class. Serban reproduces the exact language of the text message, which was both promotional and generic in nature. *See Izsak*, 2016 WL 3227299, at *3. Like the plaintiff in *Abbas*, Serban also alleges that the use of an SMS shortcode allowed CarGurus to contact her and other members of the class via an ATDS. *See Abbas*, 2009 WL 4884471, at *3. She also alleges that CarGurus' text messaging service provider reported that CarGurus has used SMS shortcodes to transmit anywhere from hundreds of thousands to millions of text messages similar to the one Serban received to other individuals. *See Sojka*, 35 F. Supp. 3d at 1003; *Abbas*, 2009 WL 4884471, at *3. Moreover, even the FCC order on which CarGurus relies to argue that Serban must allege that the ATDS could function without human intervention recognizes that "[h]ow the human intervention element applies to a particular piece of equipment is specific to each individual piece of equipment . . . and is therefore a case-by-case determination." 30 F.C.C. Rec. 7961, 7975. And as already noted, such details need not be pleaded at this stage but instead are left for discovery. *See Izsak*, 2016 WL 3227299, at *3, 5 (collecting cases); *Johansen*, 2012 WL 6590551, at *3. Serban has included sufficient factual allegations to suggest an ATDS was used to send the text message, allowing her to proceed to discovery to explore the issue further. *See Izsak*, 2016 WL 3227299, at *3–4.

## CONCLUSION

For the foregoing reasons, the Court denies CarGurus' motion to dismiss [26]. The Court grants Serban's motion to strike exhibits attached to CarGurus' reply [36]. CarGurus is given until September 30, 2016 to answer the First Amended Class Action Complaint.

Dated: September 8, 2016

_____
SARA L. ELLIS
United States District Judge